UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON BATES and | : | |
| TAMARA BAGGETT, | : | CIVIL ACTION NO. |
| Individually and on behalf of | : | |
| other similarly situated individuals, | : | |
| Plaintiffs | : | |
| | : | |
| | : | |
| -vs- | : | |
| | : | |
| CHARMING STORES, INC. and | : | |
| CATHERINES, INC. | : | |
| | : | |
| Defendants | : | August 18, 2009 |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay overtime compensation to Plaintiffs and all other similarly situated individuals, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*, the Connecticut Minimum Wage Act ("CMWA"), New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law. Section 190 *et seq.* and Section 650 *et seq.*

**II.   PARTIES**

2.   Plaintiff, Sharon Bates ("Bates") is an individual currently residing in Bridgeport, Connecticut. At all times relevant to this action, Bates was employed by Defendants in their "Catherines" store # 5404 in North Haven, Connecticut.

3.   Plaintiff, Tamara Baggett ("Baggett") is an individual currently residing in Newburgh, New York. At all times relevant to this action, Baggett was employed by Defendants in

their "Catherines" store # 5796 in Poughkeepsie, New York and/or "Catherines" store # 5367 in Middletown, New York.

4. Defendant, Charming Stores Inc. ("Charming") is a corporation headquartered in Bensalem, Pennsylvania, and which operates, *inter alia*, the chain of "Catherines" clothing stores.

5. Defendant, Catherines, Inc. ("Catherines") is a wholly-owned subsidiary corporation of Defendant Charming, headquartered in Bensalem, Pennsylvania, and which operates the chain of "Catherines" clothing stores.

6. At all times relevant to this action, Defendants have been in the business of selling women's clothing throughout the United States. Defendants transact business in multiple states, including Connecticut and New York. Defendants are employers as defined under the FLSA, CMWA and NYMWA and are engaged in interstate commerce as defined under the FLSA.

### III. JURISDICTION

7. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.

8. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) under the doctrine of supplemental jurisdiction.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendants may be found in this district and challenged conduct occurred in this state.

**IV.     COLLECTIVE AND CLASS ACTION ALLEGATIONS**

10. Plaintiffs Bates and Baggett bring this action on behalf of themselves and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

11. In addition, and in the alternative, Plaintiffs Sharon Bates and Tamara Baggett bring this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

12. The class is defined as follows:

> All current and former employees of Defendants who were employed in the position of Store Manager at one or more "Catherines" clothing store(s) at any time after August 18, 2006, who worked at least one hour of overtime in any week after August 18, 2006, who were designated by Defendants as exempt employees under the FLSA and who did not receive overtime compensation for their overtime work.

13. Bates and Baggett reserve the right to amend said class definition consistent with information obtained through discovery.

14. Bates and Baggett sue on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Bates and Baggett and the members of the putative class are similarly situated.

15. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

**V.     FACTUAL ALLEGATIONS**

16. At all times relevant to this action, Defendants have had a uniform policy and practice of consistently requiring Bates, Baggett and all persons employed in the position of Store Manager at Defendants' "Catherines" clothing stores (collectively, "Store Managers") to work at least 45 hours per week for a salaried amount without paying them overtime compensation.

17. Defendants specifically instructed all Store Managers to perform non-managerial duties during their mandatory overtime hours.

18. Defendants centrally develop store operations, merchandising, and buying policies for all "Catherines" clothing stores, and assign to Store Managers the principal duties of display, selling, and reporting through point of sale terminals.

19. While Store Managers held the title of "manager," the actual managerial functions for Defendants' "Catherines" clothing stores were performed by District Managers ("DMs"), who traveled to all stores within their district on a frequent and regular basis to supervise store operations.

20. Store Managers' managerial duties were minimal as compared to their other regularly-performed job duties.

21. Store Managers' managerial duties comprised, on average, fewer than 40% of their hours each week.

22. Store Managers' primary job focus was non-managerial, involving mostly sales, putting out shipments, arranging floorsets, ordering merchandise, tracking inventory and cleaning.

23. Store Managers did not have discretion or actual authority in the performance of any managerial functions. Restrictions upon their authority include, but are not limited to, the following:

   a. they were not permitted to interview potential candidates for employment without the presence and/or approval of their DM;

   b. they were required to obtain the DM's approval for hiring, firing and promotion of employees, and their recommendations routinely were ignored by the DM;

   c. while they prepared draft performance evaluations for the employees in their stores, the evaluations had to be submitted for approval to the DM, and routinely were re-written by the DM;

   d. they could not discipline employees in their stores without the approval of the DM, and were required to use specific verbiage provided by the DM when "writing up" employees;

   e. their payroll, including the rates of pay for all employees in their stores, was preset by the DM;

   f. they were not permitted to purchase any items for their store (such as a replacement telephone cord) without the DM's approval;

    g.    they were not permitted to order merchandise without the DM's approval, and could not tailor the quantities or types of merchandise stocked to their particular store;

    h.    they were not permitted to conduct sales or promotions specific to their particular store;

    i.    they were not permitted to create or purchase advertising specific to their particular store;

    j.    they were required to set up their stores according to "Plan-O-Grams" provided by Defendants, and were not permitted to deviate from the "Plan-O-Grams;" and

    k.    they were required to follow a specific training program for employees, "Outfits of Success," and were not permitted to deviate from the program or adapt it for their particular store.

24.    Store Managers' duties regarding *inter alia*, Merchandise Management, Visual Merchandising, Loss Prevention, Sales Management and Customer Service did not differ in any substantial or meaningful way from the responsibilities of the other employees in their stores.

25.    Defendants, pursuant to a common policy and/or practice, designated all Store Managers as "exempt," and thus not entitled to overtime compensation, when they should have been designated as "non-exempt," and entitled to overtime compensation.

26.    Defendants were fully aware of the exact duties and responsibilities assigned to Store Managers, and knew or should have known that they illegally were designated as exempt.

27. Despite this knowledge Defendant willfully failed and refused to correct its illegal exempt classification of these employees and instead continued to deny the Store Managers overtime compensation.

28. During this period, all Store Managers frequently worked more than 40 hours each week, but, despite their non-exempt job duties, they were never paid wages for hours actually worked in excess of 40 hours per week.

**VI.     COUNT ONE:         INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF SHARON BATES**

29. Based on the foregoing, Defendants' conduct in this regard was a violation of the FLSA and entitles Bates to compensation for all overtime hours worked, liquidated damages, attorneys's fees and court costs.

**VII.    COUNT TWO:         INDIVIDUAL CLAIM FOR VIOLATION OF CMWA ON BEHALF OF SHARON BATES**

30. Based upon the foregoing, Defendants' conduct in this regard was a violation of the CMWA, and entitles Bates to compensation for all overtime hours worked, interest and court costs.

31. Defendants' conduct in failing to pay Bates her earned overtime compensation was unreasonable, arbitrary and/or in bad faith, in that they knew or should have known that Plaintiff was entitled to be paid for her overtime but failed to do so. Accordingly, Plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys fees, and court costs.

**VIII.   COUNT THREE:   INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF TAMARA BAGGETT**

32. Based on the foregoing, Defendants' conduct in this regard was a violation of the FLSA and entitles Baggett to compensation for all overtime hours worked, liquidated damages, attorneys's fees and court costs.

**IX.   COUNT FOUR:   INDIVIDUAL CLAIM FOR VIOLATION OF THE NYMWA ON BEHALF OF TAMARA BAGGETT**

33. Based upon the foregoing, Defendants' conduct in this regard was a violation of the NYMWA, and entitles Baggett to compensation for all overtime hours worked, interest and court costs.

34. Defendants' conduct in failing to pay Baggett her earned overtime compensation was willful and entitles her to compensation for all overtime hours worked, liquidated damages, attorneys fees, and court costs.

**X.   COUNT FIVE:   COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER**

35. Based on the foregoing, Defendants' conduct in this regard was a violation of the FLSA and entitles all Store Managers to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## XI. DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs claim:

1. Unpaid Overtime Wages under the FLSA, NYMWA and/or CMWA;

2. Liquidated Damages under the FLSA, NYMWA and/or CMWA;

3. Interest and costs;

4. Attorneys' fees under the FLSA, NYMWA and/or CMWA;

5. An order enjoining Defendants from continuing its illegal practices in violation of the FMLA, NYMWA and CMWA as to current and future class employees; and

6. Such other and further relief the Court deems just and equitable.

        Plaintiffs, Sharon Bates and Tamara Baggett
        on behalf of other similarly situated
        individuals

By:       /s/
     Anthony J. Pantuso, III
     The Pantuso Law Firm, LLC
     204 Broad Street, Suite 400
     Milford, CT 06460
     Fed No.: ct11638
     (203) 876-0000
     (203) 877-1839 (facsimile)
     apantuso@pantusolaw.com
     Attorneys for the Plaintiffs