UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2011 NOV 22  P 1: 27

SHARON BATES and TAMARA BAGGETT,
individually and on behalf of other similarly
situated individuals,

       Plaintiffs,

   - against -

CATHERINES, INC.,

       Defendant.

Civil Action No.
3:09-CV-01315 (JBA)

Nov. 21, 2011

## FINAL APPROVAL ORDER AND JUDGMENT APPROVING SETTLEMENT

This matter came on for hearing upon the joint application of the Settling Parties for final approval of the Settlement set forth in the Settlement Agreement. Due and adequate notice having been given to the Settlement Class, a fairness hearing having been held, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

   1.  The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement filed in this case.

   2.  The Court has jurisdiction over the subject matter of the Litigation, the Settlement Class Representatives, the other Settlement Class Members and Catherines.

   3.  The Court finds that the distribution of the Notice of Settlement and Opportunity to Opt-In as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the

DB1/66971099.3

circumstances to all persons within the definition of the Settlement Class, and fully met the requirements of due process under the United States Constitution and Connecticut and New York law. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual Notice provided to the Settlement Class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, including the release of claims and all other terms, as fair, just, reasonable and adequate as to the Settlement Class Members. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested to opt out and be excluded from the Settlement Class, all of the Released Federal Law Claims and Released State Law Claims are dismissed with prejudice as to the Settlement Class Representatives and all other Participating Settlement Class Members as set forth in the Settlement Agreement.

7. Solely for purposes of effectuating this Settlement, this Court has certified a class of all Settlement Class Members, as that term is defined in and by the terms of the Settlement Agreement, and the Court deems this definition sufficient for purposes of due process and Rule 23. The Court has also, for settlement purposes, certified a collective action for all claims arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b). This certification for settlement purposes shall not be construed to be an admission or determination as to the certifiability of any collective action, class or sub-class for any other purpose, in this Litigation or otherwise.

8.      By this Order and Judgment, the Settlement Class Representatives shall release, relinquish and discharge, and each of the Participating Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Federal Law Claims and Released State Law Claims as set forth in the Settlement Agreement. The Released Federal Law Claims, as defined in the Settlement Agreement, include any and all wage-and-hour claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities arising under Federal law, including under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, by a Participating Settlement Class Member, that arose or accrued at any time up until the date of Final Approval of this Settlement Agreement, for any type of relief, including without limitation claims for damages, unpaid wages, premium pay, adjustments to compensation, unreimbursed expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks; whether for attorneys' fees or injunctive relief; whether sounding in contract, tort, or otherwise; and which were or which could have been asserted in this Lawsuit against any Releasees. The Released State Law Claims, as defined in the Settlement Agreement, include any and all state wage-and-hour claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities against any Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, by a Participating Settlement Class Member, that arose or accrued at any time up until the date of Final Approval of this Settlement Agreement, for any type of relief, including without limitation claims for damages, unpaid wages, premium pay, adjustments to compensation, unreimbursed

expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks; attorneys' fees or injunctive relief; whether sounding in contract, tort, or otherwise; including any and all claims which were or which could have been asserted in the Complaint that arose under the laws of Connecticut or New York including for any failure to pay any type of overtime compensation or minimum wage to any Participating Settlement Class Member, any failure to pay timely wages, including payment of wages at termination, any failure to provide or pay for meal breaks, and/or rest periods, all claims for penalties or additional damages, including without limitation waiting time penalties. The Released State Law Claims include but are not limited to any claims arising under Connecticut General Statutes §§ 31-60, 31-66, 31-68, 31-70 through 31-74, and 31-76 through 31-76m, Connecticut Agencies Regulations §§ 31-60-14 and 31-60-15, any and all claims under Chapter 558 of the Connecticut General Statutes and any enabling or implementing regulations, New York Labor Law §§ 190 *et seq.* (including, but not limited to, § 191, § 193 and § 198), 650 *et seq.*, and 160, 12 N.Y.C.R.R. § 142-2.1 *et seq.* (including, but not limited to, § 142-2.2 and § 142-2.14), and any and all other claims under any similar statute which were or which could have been asserted in this Lawsuit.

9.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be nor may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Catherines or any of the Releasees; (ii) is or may be deemed to be nor may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission of, or evidence of, any fault or omission of Catherines or any of the Releasees; or (iii) is or may be deemed to be, nor may be used as, an admission of, or evidence of, the validity of the

certifiability of the Settlement Class for any purpose other than this settlement. Accordingly, neither the Settlement Agreement nor the Settlement will be referred to by the Class Representatives or by Class Counsel or by any Settlement Class Member in any other pleading or proceeding in any court, administrative agency or other tribunal, for any purpose or reason. In the event that the Effective Date does not occur, Catherines shall not be estopped or otherwise be precluded from contesting class or collective certification in the Litigation on any grounds Catherines or any of the Releasees may have.

      10.     The only Settlement Class Members entitled to payment pursuant to this Order and Judgment are Participating Settlement Class Members who are eligible to participate in the Settlement Class under all of the terms and conditions in the Settlement Agreement.

      11.     Catherines has agreed to pay Class Counsel their reasonable attorneys' fees in this matter as approved by the Court and in an amount not to exceed $400,000, and Catherines has agreed to pay an enhancement to the Settlement Class Representatives to reimburse them for their services to the Settlement Class in the total amount of $30,000. The payment of attorneys' fees and costs and Settlement Class Representative payments, and all reasonable costs associated with the administration of this Settlement, including but not limited to postage, printing of Notices and the Settlement Administrator's fees and costs will be paid using funds deducted from the Total Settlement Amount. The Court finds that these amounts are fair and reasonable. Catherines is directed to make such payments in accordance with the terms of the Settlement Agreement.

      12.     Any unpaid residue from the Total Settlement Amount of $1,400,000 and from the New York Additional Settlement Amount of $41,264.38 shall revert to Defendant in accordance with the terms of the Settlement Agreement.

13. The Parties are to bear their own costs and attorneys fees, except as otherwise provided in the Settlement Agreement.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Settlement Class Representatives, the Settlement Class and Catherines for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Final Order and Judgment.

This Document shall constitute a judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

Dated: November 21, 2011

/s/ Janet Bond Arterton, USDJ
Honorable Janet Bond Arterton.
United States District Court Judge